UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Albert Hardin**, # 315816, | ) C/A No. 8:06-2580-MBS-BHH |
| Plaintiff, | ) |
| vs. | ) **Report and Recommendation** |
| **Pfizer, Inc.**; <br> **Edward C. Bessey**, Chairman and CEO; and <br> **William C. Steer, Jr.**, Vice Chairman, | ) |
| Defendants. | ) |

# *Background of this Case*

The plaintiff is an inmate at the Kershaw Correctional Institution of the South Carolina Department of Corrections (SCDC). He has brought suit against an international pharmaceutical company and two of its officers. The plaintiff, according to the SCDC website (www.doc.sc.gov) is serving a seven-year sentence for resisting arrest and assaulting an officer. The plaintiff's convictions were entered in the Court of General Sessions for Barnwell County in June of 2006. The above-captioned case is the first case

1

filed by the plaintiff in the United States District Court for the District of South Carolina.

In the "STATEMENT OF CLAIM" portion of the complaint, the plaintiff complains about various matters in his criminal case, including an alleged conflict of interest on the part of his court-appointed attorney, who is also the husband of the Probate Judge for Barnwell County. The plaintiff also refers to the unsuccessful "Zoloft®" defense raised in a recent criminal case that received widespread attention in the media. State v. Pittman, 2005 WESTLAW® 433206 (S.C.Gen.Sess., January 14, 2005). The plaintiff states that he wishes to raise the "Zoloft®" defense with respect to his criminal cases.

## *Discussion*

Under established local procedure in this judicial district, a careful review[1] has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

2

Reform Act. The review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25, 118 L.Ed.2d 340, 112 S.Ct. 1728, 1992 U.S. LEXIS® 2689 (1992); Neitzke v. Williams, 490 U.S. 319, 324-325, 104 L.Ed.2d 338, 109 S.Ct. 1827, 1989 U.S. LEXIS® 2231 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, 1995 U.S.App. LEXIS® 26108 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177, 134 L.Ed.2d 219, 116 S.Ct. 1273, 1996 U.S. LEXIS® 1844 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979)(recognizing the district court's authority to conduct an initial screening of any *pro se* filing);[2] Loe v. Armistead, 582 F.2d 1291 (4th Cir. 1978), *cert. denied*, Moffitt v. Loe, 446 U.S. 928 (1980); and Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, Leeke v. Gordon, 439 U.S. 970 (1978).  The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See* Hughes v. Rowe, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and Cruz v. Beto, 405 U.S. 319 (1972).  *See* Hughes v. Rowe, 449 U.S. 5, 9-10 & n. 7 (1980)(*per*

---

[2] Boyce has been held by some authorities to have been abrogated in part, on other grounds, by Neitzke v. Williams, 490 U.S. 319 (1989)(insofar as Neitzke establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

3

*curiam*); and Cruz v. Beto, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true.  Fine v. City of New York, 529 F.2d 70, 74 (2nd Cir. 1975).  Even under this less stringent standard, the § 1983 complaint is subject to summary dismissal.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  Weller v. Department of Social Services, 901 F.2d 387, 1990 U.S.App. LEXIS® 6120 (4th Cir. 1990).

Since the plaintiff is raising matters pertaining to his criminal case for which he is now serving a seven-year sentence, this case is subject to summary dismissal because a right of action has not yet accrued.  *See* Heck v. Humphrey, 512 U.S. 477, 129 L.Ed.2d 383, 114 S.Ct. 2364, 1994 U.S. LEXIS® 4824 (1994):

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not

4

cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Heck v. Humphrey, 512 U.S. at 486-487 (footnote omitted). *See also* Woods v. Candela, 47 F.3d 545, 1995 U.S.App. LEXIS® 2495 (2nd Cir.)(plaintiff's conviction reversed by state court in 1993; hence, civil rights action timely filed), *cert. denied*, Candela v. Woods, 516 U.S. 808, 133 L.Ed.2d 18, 115 S.Ct. 54, 1995 U.S. LEXIS® 5329 (1995); Treece v. Village of Naperville, 903 F. Supp. 1251 (N.D.Ill. 1995); Seaton v. Kato, 1995 U.S. Dist. LEXIS® 2380, *12-*13, 1995 WESTLAW® 88956 (N.D.Ill., February 28, 1995); and Smith v. Holtz, 879 F. Supp. 435, 1995 U.S.Dist. LEXIS® 3721 (M.D.Pa. 1995), *affirmed*, 87 F.3d 108, 1996 U.S.App. LEXIS® 15388 (3rd Cir.), *cert. denied*, Wambaugh v. Smith, 519 U.S. 1041, 136 L.Ed.2d 536, 117 S.Ct. 611, 1996 U.S. LEXIS® 7706 (1996).

Until the plaintiff's convictions or sentence is set aside, any civil rights action based on the convictions, sentence, and related matters will be barred because of the holding in Heck v. Humphrey, supra. Even so, the limitations period will not begin to run until the cause of action accrues. *See* Benson v. New Jersey State Parole Board, 947 F. Supp. 827, 830 & n. 3,

1996 U.S.Dist. LEXIS® 18335 (D.N.J. 1996)(following Heck v. Humphrey: "[b]ecause a prisoner's § 1983 cause of action will not have arisen, there need be no concern that it might be barred by the relevant statute of limitations."); and Snyder v. City of Alexandria, 870 F. Supp. 672, 685-688, 1994 U.S.Dist. LEXIS® 17230 (E.D.Va. 1994).

With respect to his convictions and sentence, the plaintiff's sole federal remedies are a writ of habeas corpus under either 28 U.S.C. § 2254 or 28 U.S.C. § 2254, which remedies can be sought only after the plaintiff has exhausted his state court remedies. "It is the rule in this country that assertions of error in criminal proceedings must first be raised in state court in order to form the basis for relief in habeas. Claims not so raised are considered defaulted." Beard v. Green, 523 U.S. 371, 375, 1998 U.S. LEXIS® 2465 (1998)(citing Wainwright v. Sykes, 433 U.S. 72 (1977)). *See also* 28 U.S.C. § 2254(b); Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 490-491 (1973); Picard v. Connor, 404 U.S. 270 (1971); and Schandelmeier v. Cunningham, 819 F.2d 52, 53 (3rd Cir. 1986)(exhaustion required under § 2241).

The exhaustion requirements under § 2254 are fully set forth in Matthews v. Evatt, 105 F.3d 907, 1997 U.S.App. LEXIS® 1319 (4th Cir.), *cert. denied,* Matthews v. Moore, 522 U.S. 833, 1997 U.S. LEXIS® 4939 (1997):

> In the interest of giving state courts the first opportunity to consider alleged constitutional errors occurring in a defendant's state trial and sentencing, a § 2254 petitioner is required to "exhaust" all state court remedies before a federal district court can entertain his claims. Thus, a federal habeas court may consider only those issues which have been "fairly presented" to the state courts. . . .
>
> To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court. The burden of proving that a claim has been exhausted lies with the petitioner.
>
> The exhaustion requirement, though not jurisdictional, is strictly enforced[.]

Matthews v. Evatt, 105 F.3d at 910-911 (citations omitted from quotation).

The plaintiff does not disclose whether he filed a direct appeal in his criminal case. A direct appeal is a viable state court remedy. Castille v. Peoples, 489 U.S. 346, 349-352, 103 L.Ed.2d 380, 109 S.Ct. 1056, 1989 U.S. LEXIS® 1040 (1989). If the plaintiff's direct appeal was not successful or if he did not file a direct appeal, he can, nonetheless, file an application for post-conviction relief. *See* § 17-27-10, *et seq.*, South Carolina Code of Laws. Moreover, if an application for post-conviction relief is denied or dismissed by

7

a Court of Common Pleas, the applicant can file an appeal in that post-conviction case. *See* § 17-27-100, South Carolina Code of Laws; and Knight v. State, 284 S.C. 138, 325 S.E.2d 535 (1985). The United States Court of Appeals for the Fourth Circuit has held that South Carolina's Uniform Post-Conviction Procedure Act, which is currently codified at § 17-27-10 *et seq.*, South Carolina Code of Laws, is also a viable state-court remedy. *See* Miller v. Harvey, 566 F.2d 879, 880-881 (4th Cir. 1977), *cert. denied*, 439 U.S. 838 (1978); and Patterson v. Leeke, 556 F.2d 1168, 1170-1173 (4th Cir.), *cert. denied*, 434 U.S. 929 (1977).

Applications for post-conviction relief are filed with the Clerk of Court for the county in which a South Carolina prisoner was convicted in a Court of General Sessions. Hence, the plaintiff can file an application for post-conviction relief with the Clerk of Court for Barnwell County. The plaintiff should be mindful that the General Assembly has enacted limitations periods for post-conviction cases. *See* 1995 S.C. Acts 7, which has been codified at Section 17-27-45, South Carolina Code of Laws:

> (A) An application for relief filed pursuant to this chapter must be filed within one year after the entry of a judgment of conviction or within one year after the sending of the remittitur to the lower court from an appeal or the filing of the final decision upon an appeal, whichever is later.

> (B) When a court whose decisions are binding upon the Supreme Court of this State or the Supreme Court of this State holds that the Constitution of the United States or the Constitution of South Carolina, or both, impose upon state criminal proceedings a substantive standard not previously recognized or a right not in existence at the time of the state court trial, and if the standard or right is intended to be applied retroactively, an application under this chapter may be filed not later than one year after the date on which the standard or right was determined to exist.
>
> (C) If the applicant contends that there is evidence of material facts not previously presented and heard that requires vacation of the conviction or sentence, the application must be filed under this chapter within one year after the date of actual discovery of the facts by the applicant or after the date when the facts could have been ascertained by the exercise of reasonable diligence.

*See also* Sutton v. State, 361 S.C. 644, 606 S.E.2d 779, 2004 S.C. LEXIS® 285 (2004); and Peloquin v. State, 321 S.C. 468, 469-470, 409 S.E.2d 606, 607, 1996 S.C. LEXIS® 57 (1996).  *Cf.* Leamon v. State, 363 S.C. 432, 611 S.E.2d 494, 2005 S.C. LEXIS® 97(2005)(prisoner's incarceration in another jurisdiction does not toll limitations period of § 17-27-45); and Green v. State, 353 S.C. 29, 30, 576 S.E.2d 182, 183, 2003 S.C. LEXIS® 19 (2003)(the filing

of a federal § 2254 petition does not toll the one-year limitations period of § 17-27-45, South Carolina Code of Laws).[3]

As earlier stated, if an application for post-conviction relief is denied or dismissed by a Court of Common Pleas, the applicant can file an appeal in that post-conviction case. *See* § 17-27-100, South Carolina Code of Laws; and Knight v. State, supra. In fact, if a Court of Common Pleas denies an application for post-conviction relief or dismisses the application for post-conviction relief, the applicant *must* seek appellate review by the Supreme Court of South Carolina of that disposition from the Court of Common Pleas, or federal collateral review of the grounds raised in his or her application for post-conviction relief will be barred by a procedural default. *See* Whitley v. Bair, 802 F.2d 1487, 1500 & n. 27 (4th Cir. 1986), *cert. denied*, 480 U.S. 951 (1987); Mason v. Procunier, 748 F.2d 852, 853-854 (4th Cir. 1984), *cert. denied*, Mason v. Sielaff, 471 U.S. 1009 (1985); and Strader v. Allsbrook, 656 F.2d 67, 68 (4th Cir. 1981). Moreover, South Carolina prisoners have been successful on such appeals in their post-conviction cases. *See*, *e.g.*, Riddle v. Ozmint, 369 S.C. 39, 631 S.E.2d 70, 2006 S.C.

---

[3]In any event, the filing of a federal habeas petition does not toll the limitations period for filing a timely petition under 28 U.S.C. § 2254. Duncan v. Walker, 533 U.S. 167, 150 L.Ed.2d 251, 121 S.Ct. 2120, 2001 U.S. LEXIS® 4493 (2001).

LEXIS® 177 (2006); <u>Vaughn v. State</u>, 362 S.C. 163, 607 S.E.2d 72, 73-76, 2004 S.C. LEXIS® 296 (2004); and <u>Stevens v. State</u>, 365 S.C. 309, 617 S.E.2d 366, 2005 S.C. LEXIS® 221(2005).  Hence, the plaintiff's available remedies are: *(1)* an application for post-conviction relief; *(2)* an appeal (if necessary) in the post-conviction case, and *(3)* a petition for writ of habeas corpus under 28 U.S.C. § 2254 filed in federal court after the plaintiff has fully exhausted his state court remedies.

The plaintiff cannot have his convictions for assaulting an officer and resisting arrest vacated in this civil rights action.  <u>Myers v. Pauling</u>, 1995 U.S.Dist. LEXIS® 7628, 1995 WESTLAW® 334284 (E.D.Pa., June 2, 1995)("Release from prison is not a remedy available under 42 U.S.C. § 1983.").  *See also* <u>Edwards v. Balisok</u>, 520 U.S. 641, 137 L.Ed.2d 906, 117 S.Ct. 1584, 1997 U.S. LEXIS® 3075 (1997).

The defendants are also subject to summary dismissal because they have not acted under color of state law.  In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: *(1)* the defendant(s) deprived him or her of a federal right, and *(2)* did so under color of state law or federal law.  See <u>Gomez v. Toledo</u>, 446 U.S. 635, 640 (1980); <u>American Mfr. Mut. Ins. Co. v. Sullivan</u>, 526 U.S. 40, 50-52, 1999 U.S.

LEXIS® 1711 (1999); and Hall v. Quillen, 631 F.2d 1154, 1155-1156 & nn. 2-3 (4th Cir. 1980), *cert. denied*, 454 U.S. 1141 (1982).

The district court in Hall v. Quillen, supra, had disposed of the case against a physician and a court-appointed attorney on grounds of immunity. In affirming the district court's order, the Court of Appeals, however, indicated that lower courts should first determine whether state action occurred:

> * * * But immunity as a defense only becomes a relevant issue in a case such as this if the court has already determined affirmatively that the action of the defendant represented state action. This is so because state action is an essential preliminary condition to § 1983 jurisdiction, and a failure to find state action disposes of such an action adversely to the plaintiff. * * *

Hall v. Quillen, 631 F.2d at 1155 (citations omitted). *See also* Lugar v. Edmondson Oil Co., 457 U.S. 922, 936 (1982)("Careful adherence to the 'state action' requirement . . . also avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed.").

Although a private individual or corporation can act under color of state law, his, her, or its actions must occur where the private individual or corporation is a willful participant in joint action with the State or with an agent of the State. Dennis v. Sparks, 449 U.S. 24, 27-28 (1980). Purely private conduct, no matter how wrongful, injurious, fraudulent, or discriminatory, is not

12

actionable under 42 U.S.C. § 1983 or under the Fourteenth Amendment.  *See* Lugar v. Edmondson Oil Co., supra, 457 U.S. at 936; and Burton v. Wilmington Parking Authority, 365 U.S. 715, 721 (1961).

Whether a private individual's action or corporation's action rises to the level of state action necessarily depends on the relationship between the activity and the state.  The inquiry involves "whether there is a sufficiently close nexus between the State and the challenged action . . . so that the action of the latter may be fairly treated as that of the State itself." Jackson v. Metropolitan Edison Co., 419 U.S. 345, 351 (1974).  In Blum v. Yaretsky, 457 U.S. 991, 1004 (1982), the Supreme Court held that a state is responsible for private action only when it has exercised "coercive power" or has provided "significant encouragement" in the implementation of the action. It is also well settled that "a private person does not act under color of state law simply because he invokes state authority."  Brummett v. Camble, 946 F.2d 1178, 1184 (5th Cir. 1991), *cert. denied*, Campbell v. Brummett, 504 U.S. 965 (1992).[4]  *See also* Auster Oil & Gas Co., Inc. v. Stream, 764 F.2d 381, 388 (5th Cir. 1985); American Mfr. Mut. Ins. Co. v. Sullivan, supra, 526 U.S. at 50-52 (held: private insurer did not act under color of state law, for

---

[4] In this citation, there are variant spellings of the party known as Camble or Campbell.

13

purposes of 42 U.S.C. § 1983, when it terminated payment of workers compensation benefits pending review); and *cf.* Kreschollek v. Southern Stevedoring Co., 223 F.3d 202, 2000 U.S.App. LEXIS® 18189 (3rd Cir. 2000)(applying holding in Sullivan to suit alleging action under color of federal law: termination of LHWCA [Longshoremen and Harbor Workers' Compensation Act] benefits by insurance company did not involve "federal government" action).  The sale of a medication by a private company is not action under color of state law.

In his attachment (Entry No. 5) adding the two individuals as defendants, the plaintiff states that the above-captioned case is also a products liability action.  It is well-settled that liability may not be imposed under 42 U.S.C. § 1983 for any causes of action arising under state law. DeShaney v. Winnebago County Department of Social Services, 489 U.S. 189, 200-203, 103 L.Ed.2d 249, 109 S.Ct. 998, 1989 U.S. LEXIS® 1039 (1989).

In his prayer for relief, the plaintiff seeks removal of the Probate Judge for Barnwell County from office.  This federal court does not have jurisdiction to handle disciplinary complaints against state judges and attorneys.  Czura v. Supreme Court of South Carolina as Committee on Rules

of Admission to Practice of Law, 632 F. Supp. 267, 270, 1986 U.S.Dist. LEXIS® 28468 (D.S.C. 1986)(federal district court lacks jurisdiction to review decision in attorney disciplinary proceeding by Supreme Court of South Carolina), *affirmed*, Czura v. Supreme Court of South Carolina, 813 F.2d 644, 645-646, 1987 U.S.App. LEXIS® 3177 (4th Cir. 1987); and Maxton v. Johnson, 488 F. Supp. 1030, 1032 n. 2 (D.S.C. 1980)(a federal district court lacks inherent power to hire, remove, or reassign officials not within the executive control of that federal district court), *citing* United States v. White County Bridge Commission, 275 F.2d 529, 535 (7th Cir.), *cert. denied sub nomine*, Clippinger v. United States, 364 U.S. 818 (1960).

Even if this case is treated as a diversity action, Heck v. Humphrey would still bar a diversity action based on the plaintiff's "Zoloft®" defense. Greenberg v. Wolfberg, 890 P.2d 895, 904 n. 40, 1994 Okla. LEXIS® 167 (1994)(applying Heck v. Humphrey to causes of action arising under Oklahoma law). In fact, since the plaintiff is obviously well within the one-year limitations period of § 17-27-45, South Carolina Code of Laws, and the plaintiff has not ever presented his "Zoloft®" defense to courts of the State of South Carolina, he can file an application for post-conviction relief and raise his "Zoloft®" defense and any related grounds, such as trial counsel's alleged

15

conflict of interest and ineffective assistance of counsel.  *See* Strickland v. Washington, 466 U.S. 668, 686, 80 L.Ed.2d 674, 104 S.Ct. 2052 (1984); and Brightman v. State, 336 S.C. 348, 520 S.E.2d 614, 1999 S.C. LEXIS® 164 (1999).[5]

# *Recommendation*

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without issuance and service of process.  *See* Denton v. Hernandez, supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Brown v. Briscoe, 998 F.2d 201, 202-204 & n. *, 1993 U.S.App. LEXIS® 17715  (4th Cir. 1993), *replacing* unpublished opinion

---

[5]A state court's finding on a claim of the ineffective assistance of counsel is a combination of a finding of fact and a conclusion of law.  Although applicable precedents require this court, under 28 U.S.C. § 2254, to make its own determination of both the performance and (if necessary) the "prejudice" components highlighted in Strickland v. Washington, supra, the historical facts decided by a court of a state in a claim of ineffective assistance of counsel remain subject to deference.  *See* Hoots v. Allsbrook, 785 F.2d 1214, 1219 & n. 6 (4th Cir. 1986)("old" § 2254(d) standard); Williams v. Taylor, supra (standard under Anti-Terrorism and Effective Death Penalty Act); and James v. Harrison, 389 F.3d 450, 452-457, 2004 U.S.App. LEXIS® 23962 (4th Cir. 2004)(applying Williams v. Taylor standard), *cert. denied*, 544 U.S. 1005, 161 L.Ed.2d 782, 125 S.Ct. 1945, 2005 U.S. LEXIS® 3626 (2005).  Hence, with respect to the quality of the representation rendered by plaintiff's counsel in the Court of General Sessions, findings of fact by a South Carolina court are necessary before the plaintiff can seek federal review of his convictions in a § 2254 proceeding.

originally tabled at 993 F.2d 1535 (4th Cir. 1993); <u>Boyce v. Alizaduh</u>, <u>supra</u>; <u>Todd v. Baskerville</u>, <u>supra</u>, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B)[essentially a redesignation of "old" 1915(d)]; and 28 U.S.C. § 1915A[as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal]. The plaintiff's attention is directed to the Notice on the next page.

                                                Respectfully submitted,

October 4, 2006                    s/Bruce Howe Hendricks
Greenville, South Carolina       United States Magistrate Judge

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation" & The Serious Consequences of a Failure to Do So

The plaintiff is hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, **but not thereafter**, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. \*\*\* This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only "I object" preserves no issue for review. \*\*\* A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 6 n. 1 (3rd Cir. 1984)(*per curiam*)("plaintiff's objections lacked the specificity necessary to trigger *de novo* review"). **This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk
United States District Court
Post Office Box 10768
Greenville, South Carolina 29603
