IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Albert Hardin, #315816, ) | C/A No. 8:06-2580-MBS-BHH |
| ) | |
| Plaintiff, ) | |
| ) | **OPINION AND** |
| v. ) | **ORDER** |
| ) | |
| Pfizer, Inc.; Edward C. Bessey, Chairman ) | |
| and CEO; and William C. Steer, Jr., Vice ) | |
| Chairman, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Albert Hardin is an inmate in the custody of the South Carolina Department of Corrections ("SCDC"). He is currently incarcerated at Kershaw Correctional Institution in Kershaw, South Carolina. Appearing *pro se*, Plaintiff brought this action against Pfizer, Inc. and two of its executives, Edward Bessey, and William Steer, Jr. Plaintiff alleges that he suffered "severe post-partum psychosis" and "delusion[s]" as a result of taking Zoloft, a prescription medication manufactured by Pfizer. Complaint, 3 (Entry 1).

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 DSC, this matter was referred to United States Magistrate Judge Bruce Howe Hendricks for pretrial handling. The Magistrate Judge reviewed the *pro se* complaint pursuant to the provisions of 28 U.S.C. § 1915 and filed a Report and Recommendation on October 4, 2006. See Report and Recommendation (Entry 7). The Magistrate Judge recommended that Plaintiff's complaint be summarily dismissed without prejudice and without issuance and service of process. Id. at 16-17. Plaintiff filed objections to the Report and Recommendation on October 18, 2006. Objections to the Report (Entry 8).

1

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

**DISCUSSION**

The court has reviewed Plaintiff's objections to the Magistrate Judge's Report. Plaintiff does not raise any objection to the Magistrate Judge's findings; rather, he simply repeats the allegations made in his complaint concerning his use of Zoloft. Objections to the Report, 1. See, e.g., id. ("[T]he probation judge closed my case in 2004 of Oct. [sic] and cancelled all my medication and I never even recieved [sic] my mental health evaluation . . . ."); id. ("I would not have committed my crime for which I am now incarcerated if [the judge] hadn't cancelled my medication in 2004.").[1] Even if the court construed these statements as objections to the Report and Recommendation, at most, they would constitute the type of general and conclusory objections that do not warrant the court's response. See Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982) (when a party makes only general and conclusory objections that do not direct the court to a specific error in the

---

[1] Plaintiff attempts to make one objection to a factual claim in the Magistrate Judge's Report and Recommendation. See id. ("I am objecting to it being said that I am using the Zoloft Defense."). However, because the court dismisses Plaintiff's claims based on his failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983, as discussed *supra,* this objection need not be addressed as it has no bearing on the court's holding.

Magistrate Judge's proposed findings and recommendations, the court need not conduct a de novo review).

The Magistrate Judge properly recommended that this action be summarily dismissed because Plaintiff failed to state a cognizable claim against any of the defendants, none of which have acted under color state law for purposes of § 1983. Report and Recommendation, 4-14. To state a cause of action under § 1983, a plaintiff must allege that (1) the named defendant deprived him of a federal right, and (2) the defendant did so under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980). However, as the Magistrate Judge correctly noted, purely private conduct, no matter how injurious, fraudulent, or discriminatory, is not actionable under § 1983. Lugar v. Edmondson Oil Co., 457 U.S. 922, 936 (1982). Although there are occasions in which a private party may be considered a state actor, see DeBauche v. Trani, 191 F.3d 499, 506 (4th Cir. 1999) (setting out the "four exclusive circumstances" under which a private party could be deemed a state actor), Plaintiff has failed to allege any conduct that could transform any of the named defendants into state actors for purposes of a § 1983 lawsuit.[2]

---

[2] The court also concurs with the Magistrate Judge's finding that Plaintiff's claims pertaining to the criminal conviction for which Plaintiff is currently incarcerated are barred by Heck v. Humphrey, 512 U.S. 477 (1994). See Complaint, 3 (alleging that Plaintiff's attorney is ineffective and has a conflict of interest because he is married to the "probate judge" that closed Plaintiff's case and cancelled his medication); Objections to the Report, 1 (alleging that he would not have committed the underlying crime "if [the probate judge] hadn't cancelled [his] medication in 2004"). In Heck, the Supreme Court held that, "to recover for damages for allegedly unconstitutional conviction or imprisonment, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal . . . or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not ben so invalidated is not cognizable under § 1983." Heck, 512 U.S. at 486-87. Because Plaintiff's conviction has not yet been reversed or otherwise called into question, no right of action has yet accrued.

3

**CONCLUSION**

After thoroughly reviewing the Report and Recommendation in its entirety and the applicable case law, the court finds no error in the Report and Recommendation. Accordingly, the court adopts the Report and Recommendation and incorporates it herein by reference. This case is summarily dismissed without prejudice and without issuance of service of process.

**IT IS SO ORDERED**.

    /s/ Margaret B. Seymour
Margaret B. Seymour
United States District Judge

July 27, 2007
Columbia, South Carolina

**NOTICE OF RIGHT TO APPEAL**

**Plaintiff is hereby notified that he has the right to appeal this order, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**

---

Accordingly, at this time, Plaintiff's claims are barred by Heck insofar as they implicate the underlying conviction.

4